UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KARLA MUNOZ, Individually, and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>SPRINGSTONE, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     CIVIL ACTION NO. 4:20-cv-01719<br><br>    JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT & JURY DEMAND

### SUMMARY OF SUIT

1.      This case implicates Defendant Springstone, Inc.'s ("Defendant") long standing policy of failing to properly compensate its non-exempt employees for work performed. Employers are obligated to pay their employees for all time worked except for meal breaks when the employee is "completely relieved from duty for the purposes of eating meals." *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 264 (5th Cir. 1998). However, Defendant automatically deducted 30 minutes from each shift worked by its employees, regardless of whether the employee actually took the meal break. In fact, Defendant instituted policies that required employees to be interrupted during their meal breaks to respond to patient requests and needs. As such, Defendant's policy of automatically deducting 30 minutes of time per shift, regardless of whether a meal break was taken, is unlawful.

2.      Plaintiff seeks to represent the following class of employees:

**FLSA Class:**

> **All hourly paid mental health technicians and nurses subject to an automatic deduction for meal breaks while employed by Defendant for at least one week during the three year period prior to the filing of this lawsuit to the present.**

**Texas Rule 23 Class:**

**All hourly paid mental health technicians and nurses in Texas subject to an automatic deduction for meal breaks and who worked less than 40 hours in a week while employed by Defendant at any time during the four-year period before the filing of this Complaint to the present.**

Defendant violated the FLSA and state law by knowingly and willfully permitting Plaintiff and the proposed Class Members to perform work during their meal breaks while subjecting them to an automatic 30-minute deduction from their wages. Defendant had notice that Plaintiff and the Class Members expected to be paid for their work on an hourly basis. Defendant received the value of Plaintiff's and the Class Members' work during the automatically deducted 30-minute period without compensating them for their services. Defendant willfully, deliberately, and voluntarily failed to pay Plaintiff and the Class Members compensation for all of the work they performed.

3. Defendant's conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the FLSA Class Members, be paid at one and one half their regular rate of pay for all hours worked in excess of forty within a single week. *See* 29 U.S.C. § 207(a).

4. Defendant's conduct also violates Texas law because Defendant and Plaintiff had an agreement whereby Plaintiff was to perform work for Defendant, and in return, Defendant was to pay Plaintiff at an agreed hourly rate for all time in which Plaintiff performed compensable work. Even if no enforceable agreement exists, Defendant received and accepted the valuable services from Plaintiff with notice that she was expected to be paid for such services. Yet, Defendant failed to pay Plaintiff for the work she performed as a result of Defendant's policy of automatically deducting time she worked.

5. Therefore, Plaintiff files this action to recover on behalf of herself and the proposed Class Members all unpaid wages and other damages owed to her under the FLSA and Texas law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the illegal payroll policies Defendant has implemented.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 and the Class Action Fairness Act.

7. Venue is proper in the Southern District of Texas because Defendant operates a mental health facility in this district. Further, Plaintiff worked in this district and was denied full pay in this district.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Karla Munoz is an individual residing in Harris County, Texas. Plaintiff's written consent form is attached hereto as Exhibit "A."

9. Defendant Springstone, Inc. is a foreign corporation doing business in Texas. Defendant may be served with process by serving its registered agent John Wall at 101 South Fifth Street, Suite 3850, Louisville, KY 40202.

10. The FLSA Class Members are all hourly paid mental health technicians and nurses subject to an automatic deduction for meal breaks while employed by Defendant for at least one week during the three year period prior to the filing of this lawsuit to the present.

11. The Texas Class Members are all hourly paid mental health technicians and nurses in Texas subject to an automatic deduction for meal breaks and who worked less than 40

hours in a week while employed by Defendant at any time during the four-year period before the filing of this Complaint to the present.

12. The FLSA Class Members and the Texas Class Members shall be collectively referred to as the "Class Members."

## FLSA COVERAGE

13. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

14. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

15. Plaintiff and Class Members are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

16. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex. 2012). *See also*, 29 U.S.C. § 207(a)(1). *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) ("*Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

17. With regard to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 n.2 (E.D. Tex. 2011) (citing 29 U.S.C. § 203(s)(1)(A)).

18. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19. Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

20. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are engaged in interstate commerce as Plaintiff uses equipment that have travelled in interstate commerce. Further, Defendant itself is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes patients' credit cards with banks in other states.

21. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

22. Defendant operates a chain of behavioral health facilities across the country. (See https://springstone.com/locations/, last visited Mary 15, 2020). Specifically, Defendant operates behavioral health facilities in Arizona, Colorado, Indiana, Kansas, North Carolina, Ohio, Oklahoma, Texas, and Washington. (*See id*.) These facilities provide the following services:

- Treatment for mental illness and addiction
- 24/7 on-site assessments and treatment
- Individual and group therapy
- Medication management
- Computer-aided therapy

23. To provide these services, Defendant employs nurses and mental health technicians who are employed on an hourly basis.

24. Plaintiff worked for Defendant from July 2018 to November 2019 as a mental health technician. She worked at the Woodland Springs location of Defendant.

25. During at least the past four years, Defendant has had a payroll policy of automatically deducting 30 minutes per shift worked for a so-called meal break for Plaintiff and the Class Members.

26. Under Defendant's policy, Defendant instructs its employees to clock in at the beginning and end of their shifts; however, the employees are not to clock out at the beginning of their meal period or clock back in at the end of their meal period. Instead, under Defendant's payroll policy, Defendant has programmed its time tracking system to automatically deduct 30 minutes per shift worked. Each shift is scheduled for 12 hours. If an employee works more than 12 hours, an automatic deduction of an additional 30 minutes is taken (for a total of 1 hour). Thus, Defendant actively reduced the amount of time worked by the Plaintiff and Class Members for pay purposes.

27. Defendant's policy is illegal. If a meal period is used predominantly for the benefit of the employer, the entire meal period is compensable work time. See *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 264 (5th Cir. 1998). The Fifth Circuit in *Bernard* explained as follows:

> To be classified as a bona fide meal period, 29 C.F.R. § 785.19 provides that an employee "must be completely relieved from duty for the purpose of eating meals" during that period. When applying this test, courts have employed a "predominant benefit test". The critical question is whether the meal period is used predominantly or primarily for the benefit of the employer or for the benefit of the employee. The employer bears the burden to show that meal time qualifies for this exception from compensation.

6

*Id.* at 265.

28.    Defendant's payroll policy of automatically deducting 30 minutes to 1 hour per day applied to Defendant's nurses and mental health technicians.

29.    Defendant's automatic deduction policy is illegal because the meal period was primarily for the benefit of Defendant.

30.    The Plaintiff and Class Members were required to remain on the premises of Defendant while monitoring any codes that were issued – such as for patient fights, when patients were injured, and other emergencies.

31.    Additionally, the Plaintiff and Class Members were regularly interrupted during any meal periods to respond to patient issues.

32.    Further, Defendant had a policy of requiring the Plaintiff and Class Members to monitor and record the location of the patients every 15 minutes.  Thus, when a meal break was attempted to be taken, the Plaintiff and Class Members were not completely relieved of their duties for 30 minutes and were required to engage in work during their meal periods.

33.    Even if the meal period was not primarily for the benefit of Defendant, Defendant's policy is still illegal because it deducted 30 minutes to 1 hour of time when no meal breaks were taken.  That is, when Plaintiff and the Class Member worked continuously without a break, they still had time deducted for a meal break.  This policy is per se illegal as the Plaintiff and Class Members were entitled to receive pay for all hours worked.

34.    Plaintiff and the Class Members are owed significant unpaid wages as a result of Defendant's illegal policy.  Plaintiff was scheduled to work 12 hour shifts that rotated between 3 shifts and 4 shifts per week.  Thus, when Plaintiff worked 4 shifts, she worked more than 40 hours per week.  She was not paid overtime wages at the rate of time and one half her regular

rate of pay for all hours worked over 40 in a workweek as a result of Defendant's illegal pay policy of automatically deducting 30 minutes to 1 hour per day.

35. The Class Members also worked a similar schedule as Plaintiff and worked 12 hour shifts.

36. The Class Members were employed by Defendant and performed work similar to Plaintiff.

37. Regardless of the hospital facility in which they worked, Plaintiff and the Class Members were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

38. At the end of each pay period, regardless of the behavioral health facility in which they worked, Plaintiff and the Class Members received wages from Defendant that were determined by common systems and methods that Defendant selected and controlled.

39. Defendant paid Plaintiff an hourly rate.

40. Defendant paid the Class Members an hourly rate.

41. When Plaintiff and Class Members worked fewer than forty hours in a workweek, Defendant did not pay them their agreed hourly rate. Instead, Defendant automatically reduced the amount of time that the Plaintiff and Class Members worked for the purported meal breaks. However, as noted above, throughout the relevant period, Defendant expected and required Plaintiff and the Class Members to be available to work during their unpaid meal breaks. These unpaid meal break times constitute compensable time under the state law because (1) the meal period was primarily for the benefit of Defendant, (2) Defendant breached an agreement with Plaintiff and the Class Members by not paying them their agreed hourly rate for all hours they worked, (3) Defendant received and accepted the value of Plaintiff's and the Class Members' unpaid work with reasonable notice that Plaintiff and the Class Members expected to be paid for

all hours worked, and/or (4) Defendant has been unjustly enriched by receiving the benefit of Plaintiff's and the Class Members' unpaid work.

42. Defendant classifies the Plaintiff and Class Members as non-exempt from overtime pay.

43. Defendant knew and showed reckless disregard for whether Plaintiff and the Class Members were entitled to be paid for all hours worked. In fact, Defendant was told that Plaintiff and the Class Members were working through lunch breaks and were regularly interrupted during their lunch breaks. Nevertheless, Defendant still refused to pay them for this time. As a result, Defendant's actions constitute a willful violation of the law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all persons who are substantially similar. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by FLSA Class Members.

45. Plaintiff has actual knowledge that the FLSA Class Members have been denied compensation for time worked as a result of Defendant's policy of automatically reducing their time worked for a meal break. In addition, Plaintiff have actual knowledge that FLSA Class Members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so together with a clear statement that doing so would not result in termination or other forms of retaliation by Defendant.

46. Plaintiff is similarly situated to the FLSA Class Members. Like Plaintiff, Defendant subjected the FLSA Class Members to its common practice, policy, or plan of refusing to pay overtime for all hours worked performed, in clear violation of the FLSA.

47. Other employees similarly situated to Plaintiff have worked for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate for all hours over 40 as a result of Defendant's illegal pay policy.

48. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40) for meal breaks.

49. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

50. FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

51. FLSA Class Members are not exempt from receiving overtime compensation under the FLSA.

52. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of FLSA Class Members.

53. Although Plaintiff and FLSA Class Members may have different job titles and/or work in different facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period:

   a. Defendant maintained common scheduling systems and policies with respect to Plaintiff and the FLSA Class Members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and the FLSA Class Members;

   b. Defendant maintained common timekeeping systems and policies with respect to Plaintiff and the FLSA Class Members, including the automatic deduction policy; and

  c. Defendant maintained common payroll systems and policies with respect to Plaintiff and the FLSA Class Members, controlled the payroll systems and policies applied to Plaintiff and FLSA Class Members and set the pay rate assigned to Plaintiff and FLSA Class Members.

54. The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

55. The FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

56. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated, summed, and allocated based on a simple formula.

57. Plaintiff's and the FLSA Class Members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.  Defendant had a plan, policy or practice of not paying Plaintiff and FLSA Class Members for all time worked.

58. As such, the class of similarly situated Plaintiff is properly defined as follows:

> **All hourly paid mental health technicians and nurses subject to an automatic deduction for meal breaks while employed by Defendant for at least one week during the three year period prior to the filing of this lawsuit to the present.**

59. Plaintiff estimates that the Class, including both current and former employees over the relevant period, will include more than 500 people.  The precise number of FLSA Class Members should be readily available from Defendant's personnel and payroll records.  The names and addresses of the FLSA Class Members of the collective action are discoverable from

11

Defendant. Given the composition and size of the Class, notice will be provided to these individuals via First Class Mail, e-mail, text message and other modes of notice similar to those customarily used in representative actions.

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME COMPENSATION
### (COLLECTIVE ACTION)

60. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

61. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

62. Plaintiff and the FLSA Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

63. Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff and FLSA Class Members overtime wages for all hours worked over 40 in a workweek.

64. Defendant's failure to pay overtime to Plaintiff and FLSA Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

### TEXAS CLASS ACTION ALLEGATIONS

65. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

66. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated employees, pursue claims for breach of contract, quantum meruit, and unjust enrichment against Defendant.

67. Plaintiff seeks class certification of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> **All hourly paid mental health technicians and nurses in Texas subject to an automatic deduction for meal breaks and who worked less than 40 hours in a week while employed by Defendant at any time during the four-year period before the filing of this Complaint to the present.**

68. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's practice of automatically deducting time worked for meal breaks.  As a result of this pay policy, Plaintiff and the Texas Class Members were not paid their agreed rate of pay (or the reasonable value of the services they rendered) for all hours that they worked for Defendant in non-overtime workweeks (weeks where the total number of hours worked was 40 hours or less).

69. Throughout the relevant period, Defendant promised to provide Plaintiff and the Texas Class Members for all hours that they worked at an agreed upon rate. However, Defendant routinely and knowingly reduced the amount of time that the Plaintiff and Class Members worked and reduced the amount of time for which they were entitled to receive pay.

70. Throughout the relevant period, Defendant knew that Plaintiff and Class Members regularly performed work during meal breaks because Defendant's agents regularly encouraged, instructed, suffered and permitted Plaintiff and Class Members to perform this work and observed this work being performed on a regular basis.

71. Throughout the relevant period, Defendant knew that Plaintiff and the Texas Class Members, regardless of their job title or location, regularly performed work for which they were not being paid because they routinely engaged in work during their meal periods on Defendant's premises, in plain sight, and at their managers' request.

72. As a result, throughout the relevant period, Defendant knew that Plaintiff and the Texas Class Members were not being properly compensated for all of their work.

73. As a result, during the relevant period, Defendant failed to pay Plaintiff and the Texas Class Members for their valuable services, specifically authorized work to be done during meal periods, and received the benefit of such work.

74. Defendant maintained common work, time, pay, and meal break policies and procedures at its Texas facilities during the relevant period. As a result, Plaintiff and the TEXAS Class Members are similarly situated regardless of their job title or location, and have been regularly deprived of pay owed to them in workweeks where Plaintiff and the Class Members worked forty hours or less.

75. As a result of this improper conduct, Defendant has retained money that should have paid to Plaintiff and the Texas Class Members. By retaining this money, Defendant has received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

76. Plaintiff's state-law claims against Defendant for breach of contract, quantum meruit, and unjust enrichment against Defendant all satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

77. **Numerosity**. The class satisfies the numerosity standard as it is believed to number over 500 class members. Consequently, joinder of all class members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendant.

78. **Commonality**. There are common questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and

fact common to the class arising from Defendants' actions include, without limitation, the following:

    a. Whether Defendant had a policy and practice of automatically deducting pay for meal breaks;

    b. Whether the meal periods were primarily for the benefit of Defendant or Plaintiff/Texas Class Members

    c. Whether Defendant directed, required, requested, and/or permitted Plaintiff and the Texas Class Members to work during unpaid meal breaks;

    d. Whether Defendant knew or should have known that Plaintiff and Class Members were not compensated for work performed during unpaid meal breaks;

    e. Whether agreements existed between Plaintiff and Class Members concerning payment for all work performed and whether Defendant breached such agreements;

    f. Whether Defendant derived a benefit from the Plaintiff and the Texas Class Members being required to respond to the needs of the patients during their meal periods;

    g. Whether valuable services were rendered to Defendant by the Plaintiff and Texas Class Members during unpaid meal break times, and whether Defendant accepted the benefit of Plaintiff's and the Texas Class Members' unpaid services;

    h. Whether Defendant was unjustly enriched by Plaintiff's and the Texas Class Members' unpaid work;

      i. The proper measure of damages, including whether the reasonable value of such services can be based on the agreed hourly rate of pay.

79. **<u>Typicality</u>**. Plaintiff's claims are typical of those of the class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective class members. Like the Class Members, the Plaintiff worked at Defendant's behavioral health facilities during the relevant time period. Like the Texas Class Members, the Plaintiff was subject to the identical policy related to the automatic deduction in pay. Like the Texas Class Members, the Plaintiff was subject to the same professional code of conduct and policies. The other facts outlined above likewise apply equally to both the Plaintiff and the Texas Class Members.

80. **<u>Adequacy</u>**. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class members she seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiff and the undersigned counsel, who has experience in employment and class action lawsuits.

81. **<u>Superiority</u>**. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even if the event any member of the Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation of 500 claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendant. A single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT TWO: BREACH OF CONTRACT

82. Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

83. A valid and enforceable agreement existed between Plaintiff and Defendant, and the Texas Class Members and Defendant, the terms and conditions of which include, but are not limited to, an agreement by Plaintiff and the Texas Class Members to perform services for Defendant, and for Defendant to pay Plaintiff and the Texas Class Members at an agreed hourly rate for all time in which they performed compensable work.

84. Plaintiff and the Texas Class Members duly performed under the agreement at Defendant's direction and for its benefit.

85. Defendant failed and refused to perform its obligations under the agreement by automatically deducting meal break periods from the wages of Plaintiff and the Texas Class Members.

86. Plaintiff and the Texas Class Members are entitled to recover damages from these breaches for the last four years.

87. Plaintiff and the Texas Class Members are entitled to attorney's fees for such breach of contract.

## COUNT THREE: QUANTUM MERUIT

88. Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.  This claim is plead in the alternative to the breach of contract claim.

89. Plaintiff and the Texas Class Members performed and provided valuable services to Defendant during their unpaid meal break periods.

90. The meal periods were primarily for the benefit of Defendant and constituted compensable time that Defendant failed to pay.

17

91. Defendant accepted and retained the benefit of Plaintiff's and the Texas Class Members' services.

92. No contract exists between Plaintiff and Defendant, and the Texas Class Members and Defendant.

93. Defendant had reasonable notice and/or knowledge that Plaintiff and the Texas Class Members expected to be compensated for the services rendered for the Defendant and should not have had their time worked automatically reduced.

94. Defendant failed to pay Plaintiff and the Texas Class Members the reasonable value of the services they performed.

95. Plaintiff and the Texas Class Members are entitled to recover damages under this claim for the last four years.

96. Plaintiff and the Texas Class Members are entitled to attorney's fees and costs under this claim.

## COUNT FOUR: UNJUST ENRICHMENT

97. Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

98. Defendant has been unjustly enriched at the expense of the Plaintiff and the Texas Class Members by failing to pay for work performed by Plaintiff and the Texas Class Members.

99. Defendant knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and the Texas Class Members, despite its policy and practice of failing to pay Plaintiff and the Texas Class Members for such work. In particular, Defendant received the benefit of the labor and services provided to Defendant by the Plaintiff and the Texas Class Members.

100. Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendant.

101. It would be unjust and inequitable for Defendant to retain the benefit of the unpaid work performed by Plaintiff and the Texas Class Members.

## DAMAGES SOUGHT

102. Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime wage compensation.

103. Plaintiff and the FLSA Class Members are entitled to gap time pay.

104. Plaintiff and the FLSA Class Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

105. Plaintiff and the FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

106. Plaintiff and the Texas Class Members are entitled to recover damages flowing from the breach of contract, the reasonable value of the services they provided, and the value by which Defendants were unjustly enriched by receiving the unpaid labor provided by the Plaintiff and the Texas Class Members. Additionally, Plaintiff and the Texas Class Members are entitled to recover their attorneys' fees and costs, pre-judgment and post-judgment interest as provided by law, and such other relief the Court deems fair and equitable.

## JURY DEMAND

107. Plaintiff hereby requests trial by jury.

## PRAYER

108. For these reasons, Plaintiff and the Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

b. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

c. An order finding that Defendant violated the FLSA;

d. An order finding that these violations were willful;

e. All unpaid wages;

f. An equal amount as liquidated damages as allowed under the FLSA;

g. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

h. Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

Respectfully submitted,

HODGES & FOTY, LLP

By: /s/ Don J. Foty
Don J. Foty
dfoty@hftrialfirm.com
Texas State Bar No. 24050022
4409 Montrose Blvd, Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

COUNSEL FOR PLAINTIFF AND CLASS MEMBERS